IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUSAN PLOTT STOKES,    )
    Plaintiff,    )
        )
    v.    )    Civil Action No. 3:24CV789 (RCY)
        )
AMF BAKERY SYSTEMS, *et al.*,    )
    Defendants.    )
        )

## MEMORANDUM OPINION

This is a Title VII employment discrimination action brought by *pro se* Plaintiff Susan Stokes, wherein Plaintiff alleges that her employment with Defendant AMF Bakery Systems ("AMF") was unlawfully terminated based on her gender. In addition to suing AMF, Plaintiff also names as Defendants Jason Ward, Monika Eiden, Colin Powell, Anthony Fox, and Keith Foley (collectively, the "Individual Defendants"). The case is before the Court on two Motions to Dismiss, one filed by AMF and one by the Individual Defendants. The Motions have been briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court will grant both Motions.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff filed her *pro se* Complaint on November 6, 2024. Compl., ECF No. 1. On January 22, 2025, AMF filed its Motion to Dismiss. AMF Mot. Dismiss, ECF No. 6; Mem. Points & Auths. Supp. AMF Mot. Dismiss ("AMF Mem. Supp."), ECF No. 7. On the same day, the Individual Defendants filed their Motion to Dismiss. Indivs. Mot. Dismiss, ECF No. 8; Mem. Points & Auths. Supp. Indiv. Defs.' Mot. Dismiss ("Indivs. Mem. Supp."), ECF No. 9. On

February 10, 2025, Plaintiff filed a consolidated Rebuttal to both Motions.  Rebuttal, ECF No. 14.

No replies were filed, rendering the Motions ripe for review.

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2).  *Id.* (citations omitted).   The plaintiff's well-pleaded allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted); *see also Martin*, 980 F.2d at 952.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Labels and conclusions," a "formulaic

recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.*

Generally, when deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "accept[s] as true the plaintiff's well-pleaded allegations and views all facts and draws all reasonable inferences in the light most favorable to plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such a standard, however, does not require accepting any unreasonable inferences or a plaintiff's legal conclusions. *Id.* Additionally, a court may consider any documents attached to the complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Finally, at the motion to dismiss stage, a court may consider the face of the complaint, documents attached to the complaint, documents attached to the motion to dismiss that are integral to the complaint and are authentic, and matters of public record subject to judicial notice. *Philips*, 572 F.3d at 180.

In the context of a Title VII case, the scope of a complaint is generally limited by the preceding Charge of Discrimination ("EEOC Charge") filed with the Equal Employment Opportunity Commission ("EEOC"), since "[o]nly those discrimination claims stated in the initial charge, those reasonably related to the original complaint, those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). "If the claims raised under Title VII exceed the scope of the EEOC [C]harge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (citation modified).

> For example, the plaintiff's claim generally will be barred if his charge alleges discrimination on one basis—such as race—and he introduces another basis in formal litigation—such as sex. A claim will also typically be barred if the administrative charge alleges one type of discrimination—such as discriminatory failure to promote—and the claim encompasses another type—such as discrimination in pay and benefits. Similarly, we have held that the allegation of a

discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct. By the same token, if the factual foundation in the administrative charge is too vague to support a claim that is later presented in subsequent litigation, that claim will also be procedurally barred.

*Id.*

On the other hand, a plaintiff may properly pursue claims based on conduct that is "like or reasonably related to" conduct described in the EEOC Charge, even when it was not expressly described therein. *Stewart v. Iancu*, 912 F.3d 693, 706 (4th Cir. 2019); *see also Hill v. Western Electric Co.*, 672 F.2d 381, 390 n.6 (4th Cir. 1982). And, in the Fourth Circuit, a plaintiff may allege retaliation for filing the EEOC Charge itself without first bringing such a claim in a distinct EEOC Charge. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992).

### III. FACTUAL ALLEGATIONS

Framed by the foregoing standard, the Court finds that the following narrative represents those factual allegations "stated in the initial charge, those reasonably related to the original complaint, [and] those developed by reasonable investigation of the original complaint." *Evans*, 80 F.3d at 963.

Plaintiff Susan Stokes was hired by Defendant AMF as a Human Resources ("HR") Manager on June 18, 2018. Charge of Discrimination ("EEOC Charge") at 3, ECF No. 1-1 at 25–29. On November 14, 2022, Plaintiff was promoted to Senior HR Manager. *Id.* Throughout her tenure with AMF, Plaintiff received excellent performance ratings, "including highly positive evaluations from [her] managers and a nomination for [a performance award] in 2021." *Id.* Plaintiff "never received a negative citation" and was never "the subject of any investigation or disciplinary action" as an AMF employee. *Id.* Yet, on November 14, 2022, AMF terminated Plaintiff's employment. *Id.*

4

Following Plaintiff's termination, Defendant Monika Eiden, AMF's Global Human Resources Director, explained to Plaintiff that she was terminated for two primary reasons. *See id.*; Compl. 7–8. First, Ms. Eiden explained that termination was necessary because Plaintiff had sent a final offer letter to an employment candidate before the contractual relationship with the candidate had been finalized. EEOC Charge 3. Plaintiff, however, alleges that she was directed to do so by AMF's Vice President of Systems Integration, Defendant Colin Powell, and was thus "ma[de] a scapegoat" for the premature offer. *Id.*; *see* Compl. 7.

Second, Ms. Eiden explained that Plaintiff had "exhibit[ed] leadership not in compliance with AMF's culture." EEOC Charge 3. Specifically, Ms. Eiden claimed that, while administering a training program, Plaintiff had told the attending employees that "if you got on [her] bad side, you would have a target on your back." Compl. 7. Plaintiff, in her Complaint, alleges that she never said these specific words but instead communicated that "it is human nature to assist a person that is nice to you before someone that is always mean to you." *Id.* Ms. Eiden also referenced how Plaintiff once "respond[ed] to an email unprofessionally with another manager."[1] *Id.* at 8. Plaintiff admits to this. *Id.* ("I am disappointed in myself and of course wish I had not responded in such a negative manner.").

Notwithstanding these bases for termination, Plaintiff alleges that she was unlawfully terminated on the basis of her gender because, in contrast, AMF only issued a verbal warning to a "male manager [who had made] egregious statements to one of [h]is direct reports."[2] *Id.*

---

[1] While Plaintiff filed the instant Complaint *pro se*, she initially hired counsel to pursue her Charge with the EEOC. *See generally* EEOC Charge. In support of her Complaint, she attaches the entirety of her communications with her former counsel which, in turn, includes her counsel's communications with AMF. *See generally* Compl. Ex. 1, ECF No. 1-1. One of those communications appears to describe the "unprofessional" email sent by Plaintiff. According to that description, Plaintiff emailed a photograph of another employee to AMF's Director of Supply Chain and AMF's Safety Manager, along with the statement, "[O]nce an asshole, always an asshole! He is just not very nice." Compl. Ex. 1 at 45.

[2] Plaintiff does not specify exactly which male manager made such "egregious statements." However, in the attached correspondence, Plaintiff's former counsel references an instance in which Ken Smiley, AMF's Director of Project Management and Application Engineering, "was accused by one of his direct reports of harassment, bullying,

Thus, in comparison to the treatment of that male manager, Plaintiff asserts that AMF's decision to terminate her was "dramatic." *Id.* Finally, Plaintiff contends that the former AMF CEO and President had made "serious comments . . . regarding not hiring people that are in a protected class." *Id.*

## IV. ANALYSIS

Plaintiff advances a single count of unlawful termination against all Defendants. Compl. 4, ECF No. 1. The Individual Defendants argue that Plaintiff's claim against them must be dismissed because Title VII does not authorize lawsuits against individuals. Indivs. Mem. Supp. 3–4, ECF No. 9. In the alternative, the Individual Defendants argue that Plaintiff's unlawful termination claim fails because Plaintiff has not adequately alleged that she was terminated despite satisfactory job performance. *Id.* In its own Motion to Dismiss, AMF likewise argues that Plaintiff fails to state a claim of unlawful termination because she has not alleged that she performed her duties satisfactorily. AMF Mem. Supp. 4, ECF No. 7. In response, Plaintiff argues that, notwithstanding her admission about sending an unprofessional communication, she has adequately alleged satisfactory performance.[3] Rebuttal 3–4, ECF No. 14.

### A.    Title VII Generally

Title VII provides:

It shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual

---

and discrimination . . . when he directed the person to 'be a dick' when providing feedback to be more assertive." Compl. Ex. 1 at 72.

The correspondence does not, however, appear to include details regarding AMF's CEO and President's purportedly discriminatory comments. *See generally* Compl. Ex. 1.

[3] In her Rebuttal, Plaintiff makes a number of arguments based on facts beyond those alleged in the Complaint. *See generally* Rebuttal. However, Plaintiff cannot amend her Complaint by raising new matters in response to a motion. *See Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017) (holding that "a plaintiff may not amend her complaint via briefing") (citing *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accordingly, these new facts and arguments are not properly before the court and will not be addressed here.

with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a).

In order to establish a *prima facie* case of unlawful discrimination under Title VII, an employee must show that:

(1) [S]he is a member of a protected class; (2) her employer took an adverse action against her; (3) she had been fulfilling her employer's legitimate expectations at the time of the adverse action; and (4) the adverse action occurred under circumstances that raise a reasonable inference of unlawful discrimination, including because the employer . . . replaced the plaintiff with someone outside the protected class.

*Sempowich v. Tacial Sys. Techn.*, 19 F.4th 643, 649–650 (4th Cir. 2021).

**B.    The Individual Defendants are Improper Defendants in this Action**

The Court first considers the Individual Defendants' basis for dismissal.  The Individual Defendants argue that they are improper defendants in this action, as Plaintiff seeks to bring her Title VII claim against the Individual Defendants in their individual capacities.  Indivs. Mem. Supp. 3–4; *see* Compl. 2.  Plaintiff does not respond to this argument.  *See generally* Rebuttal.

The Court agrees with the Individual Defendants.  Title VII does not authorize actions against individuals in their individual capacities.  *E.g.*, *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) ("Title VII does not authorize a remedy against individuals for violation of its provisions"); *McNeal v. Mongomery Cnty.*, 307 F. App'x 766, 775 n.6 (4th Cir. 2009) ("individuals are not liable for violation of Title VII").  Thus, Title VII does not authorize Plaintiff's claim against the Individual Defendants.  For want of a valid cause of action stated against them, the Court will grant the Individual Defendants' Motion to Dismiss and dismiss them from this action.

**C.    Plaintiff Fails to Allege Facts Sufficient to Support a *Prima Facie* Case of Discrimination Against AMF**

The Court now turns to AMF's Motion to Dismiss.  AMF argues that Plaintiff's unlawful termination claim fails because, taking Plaintiff's factual allegations as true, Plaintiff fails to

establish that, at the time of her termination, she was performing the duties of her position satisfactorily and thus fulfilling her employer's legitimate expectations at the time of her termination. AMF Mem. Supp. 4. Plaintiff disagrees, arguing that she has alleged satisfactory performance by way of the allegation that, prior to her termination, she largely received positive performance reviews. Rebuttal 2–4. The Court agrees with AMF and will grant the Motion to Dismiss.

In order to sustain a claim of unlawful termination, a Title VII plaintiff need not demonstrate that "[s]he was a perfect or model employee." *Haynes v. Waste Connections*, 922 F.3d 219, 225 (4th Cir. 2019). She must, however, demonstrate that she was "qualified for the job and that [s]he was meeting [her] employer's legitimate expectations." *Id.* And, in determining whether a plaintiff has plausibly alleged satisfactory job performance, "it is the perception of the decisionmaker which is relevant, not the self-assessment of the plaintiff." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 280 (4th Cir. 2000) (citation modified).

In this case, Plaintiff was given two reasons for her termination: (1) that she was issued a premature employment offer; and (2) that she failed to act in accordance with AMF's cultural expectations. EEOC Charge 3. While Plaintiff alleges that she is a mere scapegoat for the premature employment offer, she admits that she failed to act in accordance with AMF's cultural expectations since, on one occasion, she responded unprofessionally to an email with another manager. Compl. 7. Plaintiff's attached Exhibits reveal the specifics of this "unprofessional" communication: on September 8, 2022, Plaintiff emailed a photograph of another employee to two of AMF's managers, along with the statement, "[O]nce an asshole always an asshole!" *See supra* n.1 (citing Compl. Ex. 1 at 45).[4]

---

[4] To the extent that Plaintiff's Exhibits contradict the allegations of the Complaint, the Court relies on the Exhibits. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) ("[I]f a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document

The Court agrees with AMF that Plaintiff has failed to allege that she performed her duties satisfactorily. A plaintiff's admission that she conducted her duties unsatisfactorily in at least one respect constitutes a failure to plausibly allege this element, even if she has alleged that she otherwise performed in accordance with her employer's expectations. *See e.g.*, *Pennell v. Med*, 2019 WL 4924457, at *3 (E.D.N.C. Oct. 4, 2019) (dismissing a plaintiff's unlawful termination claim because she admitted that her limited training "made it more difficult for [her] to perform [her] job duties," even though she otherwise pleaded that she "was performing her job in a satisfactory manner," and "received numerous compliments" regarding her job performance); *Phillips v. WakeMed*, 2021 WL 4891741, at *6 (E.D.N.C. Oct. 19, 2021) (dismissing unlawful termination claim for failure to allege satisfactory performance of duties because the plaintiff admitted that she received disciplinary action for a poor attitude, even though she otherwise pleaded that she adequately performed her duties). Such an admission is fatal because it renders any inference of "invidious discrimination . . . not plausible in light of the obvious alternative explanation that [the plaintiff] was fired in response to her poor performance, not to her [gender]." *WakeMed*, 2021 WL 4891741, at *6 (citing *McCleary-Evans v. Md. Dep't Transp.*, 780 F.3d 582, 588 (4th Cir. 2015) (citation modified)). Because Plaintiff's Complaint admits that she behaved unprofessionally in communicating with colleagues, the Court finds that Plaintiff cannot satisfy the third prong of the necessary *prima facie* case for Title VII employment discrimination, and therefore she has failed to plausibly state her unlawful termination claim. Accordingly, the Court will grant AMF's Motion to Dismiss.[5]

---

negates the claim." (citation modified)). Here, notwithstanding any allegation to the contrary in the Complaint, Plaintiff's Exhibit plainly demonstrates unprofessional behavior by Plaintiff, Compl. Ex. 1 at 45, which AMF later cited as a basis for dismissal, *e.g., id.* at 20.

[5] Even if Plaintiff had adequately alleged satisfactory job performance, the Court finds that Plaintiff also failed to plausibly allege that the termination "occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Sempowich v. Tactile Sys. Techn.*, 19 F.4th 643, 650 (4th Cir. 2021).

# V. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which this Court can grant relief.  As such, the Court will grant both the Individual Defendants' Motion to Dismiss and AMF's Motion to Dismiss.  Because Plaintiff cannot overcome the legal principle that Title VII does not create individual-capacity liability, and she further cannot un-plead her admission that she acted in violation of her employer's legitimate expectations, the Court finds that amendment would be futile, and thus it will dismiss the Complaint with prejudice.  *See King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016) (explaining that, where a *pro se* plaintiff has failed to state a claim to relief that is plausible on its face, district courts should dismiss without prejudice, give leave to amend, or explain why amendment would be futile).

An appropriate Order will issue.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date:  August 26, 2025
Richmond, Virginia

---

Title VII plaintiffs often seek to establish such an inference at the pleading stage via "comparator evidence," *i.e.*, allegations that the plaintiff was treated differently than one or more similarly situated individuals outside of the protected class. *E.g.*, *id.* A meaningful comparison, however, cannot be established by naked assertions that another individual, treated differently, is similarly situated to the plaintiff; rather, a Title VII plaintiff must demonstrate in her pleadings that "there are sufficient commonalities on the key variables between the plaintiff and the would-be comparator to allow the type of comparison that, taken together with the other prima facie evidence, would allow a jury to reach an inference of discrimination." *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 748 (4th Cir. 2017) (citation modified).

Here, Plaintiff makes two allegations to support her claim that her termination was based on her gender. First, Plaintiff alleges that another similarly situated AMF manager "ma[de] an egregious statement to one of [h]is direct reports" yet "was not terminated or given any form of discipline except for a verbal warning." Compl. 8.  The correspondence attached to Plaintiff's Complaint reveals that this allegation likely refers to a statement made by Ken Smiley, AMF's Director of Project Management and Application Engineering.  *See supra* n.1.  Nevertheless, Plaintiff wholly fails to make any meaningful comparison between herself and Mr. Smiley.  *See generally* Compl.  Therefore, this comparison cannot support a reasonable inference of unlawful discrimination.  *Swaso*, 698 F. App'x at 749 (holding that "bare allegations" that the plaintiff was treated differently than similarly situated individuals was insufficient to support an inference of discrimination, absent "factual enhancement" that the plaintiff was indeed so situated).  Second, Plaintiff alleges that the former AMF CEO and President had previously made "serious comments . . . regarding not hiring people that are in a protected class." Compl. 8.  When properly supported, allegations regarding larger patterns of discrimination can support an inference of discrimination against a particular plaintiff. *E.g.*, *Woods v. City of Greensboro*, 855 F.3d 639, 649 (4th Cir. 2017).  However, Plaintiff makes no effort to connect her termination with the purportedly discriminatory comments by this former CEO.  As such, this allegation likewise does not support a plausible inference of unlawful discrimination.